DLD-133                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1077
_____

MALIK FLOWERS,
                            Appellant

v.

M. FRANCOISE, Nurse; MARIE DESANE, Nurse;
SUE SPINGLER, Nurse; INAISH JACKSON, Nurse Practitioner;
IHUOMA NWACHUKWU, Doctor; XIANGRONG ZHOU
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:18-cv-13686)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2022
Before:  KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 6, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Malik Flowers, a state inmate proceeding pro se and in forma pauperis, appeals from the sua sponte dismissal of his civil rights claims against one defendant and the grant of summary judgment in favor of the remaining defendants by the United States District Court for the District of New Jersey. For the reasons that follow, we will summarily affirm.

I.

In 2018, Flowers filed a complaint under 42 U.S.C. § 1983 alleging Eighth Amendment violations relating to the health care he received while incarcerated at the New Jersey State Prison ("NJSP"). Flowers was diagnosed as diabetic in November 2016 and placed on insulin. In January 2017, the insulin was discontinued, and Flowers was prescribed glipizide as a keep-on-person, or "K.O.P." medication. Flowers asserted that he took the glipizide every morning until on or about September 11, 2017. Thereafter, he stopped receiving his medication, about which he complained to Defendants Zhou, Desane, Francoise, Spingler, and Jackson. Flowers was told either that they would look into it, or that he was not prescribed the medication he had previously received. Flowers asserted that he did not resume receiving his medication until February 2018, after he was seen by Defendant Dr. Nwachukwu. Flowers alleged that the defendants' failure to resume his medication prior to that appointment despite his complaints amounted to a denial of medical care and deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

The District Court screened Flowers complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed Flowers' claim against Defendant Nwachukwu without

2

prejudice. Flowers did not amend, and the original complaint proceeded against the remaining defendants, who moved to dismiss. The motion was denied and, at the conclusion of discovery, the parties filed cross motions for summary judgment.[1] Finding no genuine issue of material fact regarding the allegations of deliberate indifference to Flowers' serious medical needs, the District Court granted summary judgment in favor of the defendants, denied Flowers' motion, and ordered the case closed. Flowers filed a timely notice of appeal.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Id. (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). We also exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that

---

[1] Defendants' initial motion for summary judgment was denied without prejudice after the District Court correctly noted that the defendants in several instances had either quoted records not attached to their motion or mischaracterized portions of the record they did include. Defendants were given an opportunity to file a new motion for summary judgment, including all proper corresponding exhibits and correct citations thereto. Defendants subsequently filed a new motion for summary judgment, making the same legal arguments and correcting the deficiencies noted in the first motion.

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

Prison officials "violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by intentionally denying or delaying access to medical care or interfering with the treatment once prescribed." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quotation marks and citation omitted). "We have found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Mere allegations of medical malpractice or disagreement as to the proper medical treatment is insufficient to support an Eighth Amendment claim. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

We agree with the District Court's assessment that Flowers failed to state an Eighth Amendment claim against Defendant Dr. Nwachukwu. Defendants in civil rights actions "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007) (quotation marks and

4

citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). As the District Court explained, Flowers failed to allege any personal involvement by the doctor in the alleged denial of his medication or alleged only supervisory authority on the part of the doctor. Such allegations are insufficient to establish the personal involvement necessary to state a claim of deliberate indifference. Id. at 1207-08.

The District Court properly granted summary judgment in favor of Defendants Spingler and Zhou on similar grounds. As the District Court explained, Flowers did not adequately allege the personal involvement of either Spingler or Zhou beyond their participation in responding to Flowers' administrative grievances. Nor does the record reflect a genuine dispute as to the level of personal involvement necessary to support a claim of deliberate indifference. See id.

The District Court also properly granted summary judgment in favor of the remaining Defendants, all nurses, because the record does not raise a genuine dispute that they acted with deliberate indifference. While Flowers asserted that he had a prescription for glipizide at the time he ran out of his K.O.P. medication in September 2017, medical records submitted in support of Defendants' motion for summary judgment show that Flowers' prescription for glipizide expired in July 2017, after his initial one-year prescription was changed to 180 days in January 2017. Those records indicate that Flowers gave his verbal understanding of that change, and subsequent medical visits in March and

5

May of 2017 clearly noted the 180-day, rather than one-year, prescription time frame. Flowers' extensive medical records indicate that his diabetes was being closely monitored, and when tests conducted in October 2017 revealed elevated hemoglobin A1c levels, Flowers was immediately re-prescribed glipizide. To the extent that Flowers believes he should have been prescribed glipizide during the time between the two prescriptions, we agree with the District Court's conclusion that the record, at most, establishes a "mere disagreement as to the proper medical treatment," which is insufficient to support an Eighth Amendment claim of deliberate indifference. Monmouth Cnty Corr. Inst. Inmates, 834 F.2d at 346.

As to the time between October 2017 and January 2018, medical records for two visits in November 2017 note a prescription for glipizide and no indication that Flowers complained of not receiving the medication. Records for the November 30, 2017 appointment indicate Flowers had no complaints at the time of his visit and was compliant with his medications. At a March 5, 2018 medical visit, records indicate that Flowers told medical staff that he had not "taken" his glipizide from October to January, but that he was taking it at the time of his appointment. Flowers was then counseled on the need to comply with his medications. As the District Court noted, Flowers' own statement indicated that he had not "taken" his medication, as opposed to having not been provided his medication. Further, Flowers has not contested or challenged these records, or his purported statement, in any of his filings. Because Flowers failed to show a genuine dispute regarding his claims

6

of deliberate indifference, the denial of Flowers' motion for summary judgment and the grant of summary judgment in favor of the defendants was appropriate.

Accordingly, we will summarily affirm the District Court's judgment.